DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN YOST,**

                                    **Plaintiff,**

**V.**                                                      **CIVIL ACTION**

                                                       **No. 03-2086–DJW**

**K TRUCK LINES, INC., et al,**

                    **Defendants.**

## MEMORANDUM AND ORDER

A telephone hearing was held on January 10, 2006 regarding Defendants' Motions to Quash

Subpoenas and for Protective Order (doc. 190 & 192) and other issues relating to the trial of this case.

Plaintiff appeared through counsel Dan E. Turner.  Defendants appeared through counsel Douglas N.

Ghertner.   This Order will memorialize and supplement the Court's oral rulings.

**I.       Motions to Quash and for Protective Order (doc. 190 & 192)**

Defendants contend that the Court should quash the trial subpoenas served on Defendant James

L. Reck and Robert Prince (an officer of Defendant K Truck Lines, Inc.) and enter protective orders

relieving them of the obligation to appear and present testimony at trial.  Defendants first argue that the

subpoenas should be quashed and protective orders entered because the subpoenas were served outside

of the district and more than one hundred miles from the place of trial.  Defendants rely on Federal Rule

of Civil Procedure 45(b)(2) in making this argument.  That rule provides in pertinent part: "Subject to the

provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place

within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . trial."

Defendants also rely on a 1967 case, *Steel v. Atchison, Topeka and Santa Fe Railway Company*,[1] in which this Court held that a party has the same status as a witness for purposes of applying the rule that the trial subpoena must be served within the district or, if outside the district, within 100 miles of the courthouse. The Court finds Defendants' reliance on *Steel* misplaced, as *Steel* was decided under a different version of Rule 45. The Rule in effect when *Steel* was decided did not distinguish between parties and non-parties. The Rule was amended in 1991 to, *inter alia,* add subparagraph (c)(3)(A)(ii) and expressly make subparagraph (b)(2) subject to the provisions of subparagraph (c)(3)(A)(ii). Under new subsection (c)(3)(A)(ii), a court is required to quash or modify a subpoena if it "requires a person *who is not a party or an officer of a party* to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business n person."[2] And, under amended subsection (b)(2), the general ability to serve a subpoena is expressly made subject to the provisions of subparagraph (c)(3)(A)(ii).

Had the rulemakers intended the limitation that the trial subpoena be served within the district or within 100 miles of the courthouse be applied to all persons (parties, their officers, and non-parties), then the rulemakers would not have carved out a special rule in subparagraph (c)(3)(A)(ii) for a person "who is not party or an officer of a party." Clearly, the rulemakers intended to limit the application of the territorial restriction to those persons specifically described in subsection (c)(3)(A)(ii).

---

[1] 41 F.R.D. 337 (D. Kan. 1967).

[2] Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added).

2

In sum, the Court holds that the territorial limitation placed on trial subpoenas is not applicable when the subpoenaed person is a party, as is James Reck, or an officer of a party, as is Robert Prince. The Court's holding is consistent with the decision handed down in *In re Ames Department Stores, Inc. v. Eden Center, Inc.*[3] There, the Bankruptcy Court for the Southern District of New York refused to quash a trial subpoena served on an officer of a party, holding that Rule 45(b)(2)'s territorial restriction applies only to those witnesses who are non-parties or non-officers of a party.[4] This Court finds the *Ames* analysis to be well-reasoned and applicable to the facts of this case. Accordingly, the Court declines to quash the trial subpoenas on the basis that they were served on Mr. Reck and Mr. Prince outside of the district and more than 100 miles from the courthouse.

The Court also declines to quash the trial subpoenas on the basis that they were served by certified mail rather than personally. Rule 45(b)(1) provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person . . ."[5] While some courts have interpreted this language to mean that service of the subpoena must be made in person and may not be made by mail or by delivery to a dwelling,[6] other courts have held to the contrary.[7] This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means

---

[3]No. 01-42217 (REG) (Adversary No. 04-3072), 2004 WL 1661983 (Bankr. S.D.N.Y. June 25, 2004).

[4]*Id.*, 2004 WL 1661983 at *1, 3.

[5]Fed. R. Civ. P. 45(b)(1).

[6]*See, e.g.*, *FTC v. Copmpagnie De Saint-Gobain-Pont-a-Moussan*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (Rule 45 does not permit any form of mail service).

[7]*See, e.g.*, *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E. D. N. Y 1997).

of service.  The Court will only require that service be made in a manner that reasonably insures actual receipt of the subpoena by the trial witness.[8]  The Court holds that service by certified mail sent to the witness would reasonably insure receipt of the subpoena by the witness.  Consequently, the Court holds that service on Mr. Reck and Mr. Prince by certified mail was valid service.

The Court will also decline to quash the subpoenas on the basis that the subpoenas did not identify the name of the court from which it was issued.  The Court finds this to be a hyper-technical reason that places form over substance.  The subpoenas contained the name, title and number of the case, and indicated that they were issued by the United States District Court.  In addition, the subpoenas identified the "place of testimony" as the United States Courthouse in Kansas City, Kansas, and provided the address of the courthouse.  There should be no question in the witnesses' minds as to which court issued the subpoenas.

Finally, the Court will decline to quash the subpoenas on the basis that the checks Plaintiff's counsel tendered to the witnesses for their attendance and mileage were unsigned.[9]  While Rule 45(b)(1) provides that the serving party shall tender to the witness the fees for attendance and the mileage allowed by law, the failure of Plaintiff's counsel's to sign the checks should not defeat the validity of the subpoenas.  This deficiency can be easily cured by Plaintiff tendering the appropriate fees to the witnesses.  Plaintiff's counsel shall do so immediately.

---

[8]See *id.* (court finds no reason to require "in hand delivery" of subpoenas so long as service "is made in a manner that reasonably insures actual receipt of the subpoena by the witness.")

[9]Each check was accompanied by instructions to the witness to bring the check to the courthouse on the day scheduled for his testimony so that Plaintiff's attorney could sign the check.

For all of the foregoing reasons, the Court will deny Defendants' Motions to Quash and for Protective Order.

## II.    Deposition Designations

To assist the Court in its rulings on Defendants' objections to Plaintiff's designations of deposition testimony (videotaped and otherwise), Defendants shall, on or before **January 16, 2006**, submit to the Court a copy of each deposition transcript at issue.  Each transcript shall be marked by brackets in the margins with different colored highlighting.  Red highlighting shall be used to identify the testimony that Plaintiff has designated, blue highlighting shall be used to identify the testimony that Defendants have designated, and green highlighting shall be used to identify the designated testimony to which Defendants have objected.

After receiving and reviewing these highlighted transcripts, the Court will issue its rulings regarding Defendants' objections.  The January 13, 2006 deadline for Plaintiff to provide copies of any edited videotapes or DVDs of depositions is vacated.[10]  After the Court has issued its rulings on the objections, the Court will set a new deadline for Plaintiff to submit the edited videotapes/DVDs.

Plaintiff's counsel stated at the telephone hearing that some witnesses for which he has designated deposition testimony will not be providing deposition testimony at trial as previously indicated and that they will instead be called to provide live testimony.  Plaintiff shall, on or before **January 13, 2006**, provide the names of these witnesses to the Court and Defendants.

---

[10]*See* October 28, 2005 Order (doc. 167).

**IT IS THEREFORE ORDERED** that Defendants' Motions to Quash Subpoenas and for Protective Order (doc. 190 & 192) are denied.

**IT IS FURTHER ORDERED** that Defendants shall, on or before **January 16, 2006**, submit to the Court a copy of each deposition transcript to which Defendants have asserted an objection. The deposition transcripts shall be highlighted in accordance with this Order.

**IT IS FURTHER ORDERED** that the January 13, 2006 deadline for Plaintiff to provide copies of any edited videotapes or DVDs of depositions is vacated, and a new deadline will be issued at a later date.

**IT IS FURTHER ORDERED** that Plaintiff shall, on or before **January 13, 2006**, provide the Court and Defendants with the names of the witnesses for whom Plaintiff previously designated deposition testimony and whom Plaintiff now anticipates calling to present live testimony at trial.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 11th day of January 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

6