DJW/bh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRIAN YOST,**

                      **Plaintiff,**

V.                                         **CIVIL ACTION**

                                         **No. 03-2086–DJW**

**K TRUCK LINES, INC., et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

Pursuant to the Court's Order of January 24, 2006 (doc. 201), as revised by the Court's Order Nunc Pro Tunc (doc. 202), a hearing was held in this case on January 25, 2006. The hearing was held to determine whether defense counsel's[1] joint representation of K Truck Lines, Inc. ("K Truck Lines") and James L. Reck ("Reck") in this lawsuit poses an impermissible conflict of interest in violation of Kansas Rule of Professional Conduct 1.7(b). Plaintiff appeared through counsel Dan E. Turner. Defendants appeared through counsel Douglas N. Ghertner and Jack D. McInnes.

In addition, the Court held a telephone status conference on January 27, 2006 regarding related issues. Plaintiff appeared through counsel Dan E. Turner. Defendants appeared through counsel Douglas N. Ghertner. Because Mr. Ghertner will have to withdraw from the representation of one or both of the Defendants, Spencer J. Brown also appeared as prospective counsel for one of the Defendants.

---

[1] The term "defense counsel" shall be used to refer to the attorneys presently of record for K Truck Lines and Reck, i.e., Douglas N. Ghertner, Jack D. McInnes, and Rodney J. Hoffman.

This Order will memorialize and supplement the Court's oral rulings from both the January 24, 2006 hearing and the January 25, 2006 status conference.

## I. Background Information

This is an action for personal injuries arising out of a collision between a pick-up truck driven by Plaintiff Brian Yost and a tractor-trailer driven by Defendant Reck. Reck's tractor-trailer struck the rear end of Plaintiff's truck. The parties have stipulated that Plaintiff has incurred expenses for medical treatment exceeding $2000.00.[2] Plaintiff asserts various causes of action for negligence and wanton and reckless conduct. Plaintiff makes claims for compensatory and punitive damages. It is the Court's understanding, based on statements made by defense counsel, that Reck has admitted liability for Plaintiff's actual damages. The parties continue to dispute, however, the nature and extent of those actual damages.

Plaintiff alleges that Reck was an employee and/or agent of K Truck Lines and that K Truck Lines is therefore liable to Plaintiff for the conduct of Reck under the theory of *respondeat superior*. One of the central issues in this case has been whether Reck was an independent contractor or an employee/agent of K Truck Lines at the time of the accident.

As the Court noted in its January 24, 2006 Order, Defendants have taken varying, inconsistent positions regarding Reck's status. In the November 30, 2004 Pretrial Order, the parties agreed that the issue of whether Reck was an independent contractor or employee is a question for the jury to determine.[3] In Defendants' September 21, 2006 objections to Plaintiff's proposed jury instructions, Defendants, however, stated that "K Truck Lines, Inc., has admitted that defendant James L. Reck was its

---

[2]Pretrial Order (doc. 54), ¶ 16.

[3]*Id.*, at ¶¶ 7(a)(2)(iii); (b)(2)(iii); (d)(2)(iii).

2

agent/employee and that Reck was in the course and scope of his employment at the time of plaintiff's accident."[4] Then, at the October 19, 2005 limine conference and in a pleading filed on November 18, 2005,[5] Defendants repeatedly took the position that Reck was an independent contractor at the time of the accident.

## II. Conflicts of Interest Relating to Multiple Representation and the Applicable Rules

The simultaneous representation of parties whose interests in litigation may conflict is governed by Rule 1.7(b) of the Kansas Rules of Professional Conduct ("KRPC").[6] Rule 1.7(b) provides:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.[7]

As the Court stated in its January 24, 2006 Order, the Court has a duty to ascertain that an impermissible conflict of interest is not present when there is reason to believe or infer that a conflict may

---

[4]Defs.' Objections to Plf.'s Proposed Jury Instructions (doc. 114) at pp. 4&5.

[5]Defs.' Resp. to Plf.'s Mem. (doc. 182) at p. 2.

[6]The Model Rules of Professional Conduct have been adopted by the Kansas Supreme Court in Supreme Court Rule 226 and are known as the "Kansas Rules of Professional Conduct." This Court has adopted the Kansas Rules of Professional Conduct as the "applicable standards of professional conduct" for lawyers appearing in this Court. *See* D. Kan. Rule 83.6.1.

[7]KRPC Rule 1.7(b).

3

exist.[8]  Here, the Court raised the question, based on the parties' pleadings and representations, that an impermissible conflict might exist due to defense counsel's simultaneous representation of K Truck Lines and Reck.  The Court therefore set this case for hearing to determine the following:  (1) whether defense counsel's representation of both clients may be materially limited by counsel's responsibilities to each client; (2) whether defense counsel reasonably believe that representation of their clients will not adversely affect their clients' interests; (3) whether the clients have been notified of, and fully understand, the conflict situation presented; and (4) whether, in light of this information, the clients have consented to defense counsel's multiple representation of them.

As set out in the Court's January 24, 2006 Order, the Court finds a real potential for a conflict of interest that would materially limit defense counsel's responsibilities to each of its clients and which would adversely affect their representation.  For instance, Defendants may disagree as to whether Reck should be deemed an employee or agent of K Truck Lines or an independent contractor.  The principle of *respondeat superior* would apply in the former case, but not in the latter.

In addition, Defendants may disagree as to the application of K.S.A. 60-3702(d).  That statute will come into play in the event the jury finds Reck to be an agent or employee of K Truck Lines and that punitive damages are warranted.  Pursuant to K.S.A. 3702(d), punitive damages may not be assessed against a principal or employer for the acts of an employee or agent unless the employee's/agent's acts

---

[8]*See* comment to KRPC Rule 1.7(b) (in litigation, a court may raise the question of conflict of interest).  *See also Beck v. Bd. of Regents of the State of Kan.*, 568 F. Supp. 1007, 1110 (D. Kan. 1983) ("Wherever the actions of a member of the bar may in the eyes of the public cast even the appearance of an impropriety upon the legal profession, there exists an ethical duty upon each member of the bar and upon the court itself to examine the conduct and determine if a breach of professional ethic has occurred or is about to occur.").

4

were authorized or ratified by a person expressly empowered to do so on behalf of the principal/employer. It is foreseeable that Reck might contend his acts were authorized or ratified by K Truck Lines, while K Truck Lines would contend they were not.

These are merely examples of the types of conflicts that may be present, and they illustrate the potential for a conflict arising in a tort case such as this, where the same attorneys represent both a corporation and an individual alleged to be an employee or agent of the corporation.

### III.     Statements and Arguments Made at the January 24, 2006 Hearing

At the January 24, 2006 hearing, defense counsel explained that the inconsistent positions Defendants have taken with regard to Reck's status are attributable to a desire to plead alternative theories. Defense counsel further represented that they have consulted with both of their clients regarding the conflict issue and Reck's status, and they admit that the principle of *respondeat superior* applies to this case. Further, both clients will stipulate that Reck was an employee of K Truck Lines and acting in the course and scope of his employment at the time of the accident. In short, K Truck Lines is willing to accept liability for the alleged negligence of Reck . Defendants and their counsel contend that this admission and stipulation address the Court's concerns and resolve the conflict of interest.

Defense counsel further explained that both clients have been informed (1) of the insurance coverage in this case and the amount of coverage, (2) that anything over the policy limits and/or not covered becomes the parties' liabilities, and (3) that there is no coverage for punitive damages.  Both clients have also been advised that they have the right to obtain "private" counsel.

In addition, defense counsel stated at the hearing that it is Defendants' position that absolutely no evidence exists to support a punitive damages award. According to Defendants, the case is a simple rear-

5

end collision case with no evidence that Reck acted recklessly or wantonly. Thus, Defendants contend that there is no basis upon which the jury could possibly award punitive damages. Defendants and defense counsel therefore believe there is no potential conflict with respect to the issue of punitive damages. In other words, because no evidence supports the award of punitive damages, Defendants will not be placed in the position of taking inconsistent positions regarding whether K Truck Lines did or did not ratify any alleged wanton or reckless conduct of Reck.

## IV. The Court's Rulings Regarding Conflict of Interest

The Court appreciates Defendants' argument that the evidence does not support the award of punitive damages. The Court, however, is not in a position at this time to make any ruling as to whether the punitive damages claim should go to the jury. Defendants have not filed any motion for summary judgment as to the punitive damages claim, and the Court has not heard any of the evidence. While Defendants did file a motion in limine to exclude evidence and testimony relating to Plaintiff's claim for punitive damages,[9] the Court denied that motion on October 19, 2005.[10] As the Court stated at the limine hearing, the Court must see and hear the evidence before it determines whether Plaintiff has a submissible claim for punitive damages.

The Court does not question that defense counsel sincerely believe their joint representation of K Truck Lines and Reck does not present a conflict of interest in violation of KRPC 1.7(b). The fact that Defendants have admitted that the principle of *respondeat superior* applies and that Reck was the employee of K Truck Lines and acting in the course and scope of his employment at the time of the

---

[9]*See* Mot. in Limine Regarding Evidence of Punitive Damages filed August 30, 2005 (doc. 92).

[10]*See* Order regarding Motions in Limine (doc. 156).

6

accident does not resolve the conflict of interest as to punitive damages. The Court continues to find that the potential for a conflict exists if the Court determines at trial that there is sufficient evidence to submit the punitive damages claim to the jury. In such a situation, defense counsel's representation of both clients would be materially limited by counsel's responsibilities to each of their clients, and their representation could be adversely affected. Thus, even if the clients have fully and knowingly consented to the joint representation, the conflict is impermissible under KRPC 1.7(b).

In light of the above, the Court holds that defense counsel may not continue to represent both Defendants in this case. New counsel must therefore be retained to represent one or possibly both of the Defendants.

Pursuant to Comment 1 to KRPC 1.7(b), defense counsel may continue to represent one of the Defendants so long as KRPC 1.9 is satisfied. The comment to Rule 1.7(b) provides in pertinent part:

> If . . . a conflict arises after representation has been undertaken, the lawyer should withdraw from the representation. See Rule 1.16. Where more than one client is involved and the lawyer withdraws because a conflict arises after representation, whether the lawyer may continue to represent any of the clients is determined by Rule 1.9.[11]

Rule 1.9 provides that an attorney who has formerly represented a client in a matter "shall not thereafter represent another person in the same matter . . . in which that person's interests are materially adverse to the interest of the former client, *unless the former client consents after consultation*.[12]

Consequently, defense counsel shall make sure that their former client has the opportunity to consult with new counsel and that the former client consents to defense counsel's continued representation of the other party. In addition, defense counsel shall comply with subsection (b) of KRPC 1.9, and shall not use

---

[11] KRPC 1.7 cmt. 1.

[12] KRPC 1.9(a) (emphasis added).

7

any information relating to the representation to the disadvantage of their former client except (1) as allowed or required by KRPC 1.6, or (2) when the information is generally known.[13]

## V.     The Court's Rulings Regarding Continuing the Trial

This case is presently set to begin trial on January 30, 2006.  In light of the Court's ruling regarding the conflict of interest, the Court must continue the trial.  **This case is hereby removed from the January 30, 2006 trial calendar, and is scheduled for trial on April 24, 2006 at 9:00 a.m.  In addition, a telephone status conference shall be held on February 7, 2006 at 2:00 p.m.** to discuss how much trial time will be needed and which issues remain to be tried, and to set a new schedule for submitting proposed jury instructions.  The Court will initiate the telephone conference call.

## VI.    Miscellaneous Rulings

In addition to the above, the Court made the following rulings:

1.     Any trial subpoenas requiring the presence of witnesses at the January 30, 2006 trial shall remain in full force and effect and will apply to the new trial date.

2.     Counsel shall notify all witnesses of the new trial date.

**IT IS THEREFORE ORDERED** that due to the conflict of interest described herein, defense counsel shall no longer continue to represent both Defendants in this case.  In accordance with this Order, new counsel shall be retained to represent one or both of the Defendants.  The new counsel shall enter their appearance(s) prior to the February 7, 2006 status conference.

---

[13]*See* KRPC 1.9(b) ("A lawyer who has formerly represented a client in a matter shall not thereafter . . . use information relating to the representation to the disadvantage of the former client except as Rule 1.6 . . . would permit or require with respect to a client or when the information has become generally known.").

**IT IS FURTHER ORDERED** that this case is removed from the January 30, 2006 trial calendar and is set for trial on **April 24, 2006 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that this case is set for a telephone status conference on **February 7, 2006 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of January 2006.

                    s/ David J. Waxse
                    David J. Waxse
                    United States Magistrate Judge

cc:    All counsel and *pro se* parties
       and
       Spencer J. Brown
       Deacy & Deacy
       920 Main Street, Suite 1900
       Kansas City, MO 64105